UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BERESFORD A. HALL,

                Plaintiff,

  -against-

SUFFOLK COUNTY; SUFFOLK COUNTY
3RD PCT POLICE DEPARTMENT; PO
TODD JACKSON; PO MICHAEL LEVY;
PO ANTHONY RUSSO; PO BRIAN LIPFORD;
PO BRYAN LAWRENCE; PO CHRISTOPHER
GRENIA; PO FRANKLIN ABRAMOWITZ;
PO GLEN BAILLARBEON; PO GREGORY
GANNON; PO LYNN VOLPE; PO MICHAEL
SIMPSON; PO NICHOLAS ECHEVERRIA;
ROBERT TENAGLIA; PO SGT. ADAM
BICKERTON; PO SGT. JAMES CURLEY;
PO SGT. KEVIN KRAUSE;  PO ERIN LEPORE;
PO DET. SEAN WALSH; PO DET. STEVEN
GARGAN; and PO CAPTN. WILLIAM GINLEY,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
2:23-CV-4606 (PKC) (LGD)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Beresford A. Hall, currently incarcerated at Riverhead Correctional Facility Yaphank, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that excessive force was used against him and that he was denied medical treatment.  Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  For the reasons discussed below, Plaintiff's claims against Defendants Suffolk County, Suffolk County 3rd Police Precinct, Police Officers Michael Levy, Anthony Russo, Brian Lipford, Bryan Lawrence, Christopher Grenia, Franklin Abramowitz, Glen Baillarbeon, Gregory Gannon, Lynn Volpe, Michael Simpson, Nicholas Echeverria, Robert Tenaglia, Erin Lepore, Sergeants Adam Bickerton, James Curley, Kevin Krause, Detectives Sean Walsh and Steven Gargan and Captain William Ginley are dismissed.

1

Only Plaintiff's claims against Defendant Police Officer Todd Jackson shall proceed. Plaintiff is granted 30 days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff alleges that on April 8, 2023, police officers from Suffolk County Police Department, 3rd Precinct, responded to a 911 call involving Plaintiff, and that Plaintiff "fled on foot from the area." Complaint ("Compl."), Dkt. 1, at 6. Plaintiff further states that police officers released a K-9 police dog that "took [him] down to the ground without no movement[;] officers . . . [then] jumped upon [him] while on the ground placing their body on [him] using excessive use of force suffering disabling injury to left arm elbow area." *Id*. Plaintiff further alleges that "Suffolk County Police Officer Todd Jackson of the 3rd Precinct Department was one of the officers" who caused Plaintiff pain while "putting [him] inside the Suffolk County police car." *Id.* at 8. Plaintiff also alleges that police officers failed to provide him medical treatment for his arm injury, and that Plaintiff later learned that his arm had been broken during the incident. *Id*. at 6, 8–9. Plaintiff seeks money damages. *Id*. at 10.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see*

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

### I. Section 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

3

A. <u>Claim's Against Suffolk County Police Department, 3rd Precinct</u>

To the extent Plaintiff seeks to bring a claim against the Suffolk County Police Department, 3rd Precinct, his claim fails. "'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" *Eckert v. Toulon*, No. 21-CV-02650 (JMA) (JMW), 2022 WL 74158, at *4 (E.D.N.Y. Jan. 6, 2022) (quoting *Rose v. Cnty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); *Squire v. Suffolk 1st Present [sic] Police*, Nos. 23-CV-2401, 23-CV-2402, 23-CV-2491 (JS) (ST), 2023 WL 4373637, at * 4 (E.D.N.Y. July 5, 2023) (Suffolk County police precinct is not a suable entity)); *Brooks v. Suffolk Cnty. First Precinct*, No. 21-CV-4546 (JS) (ARL), 2021 WL 5139075, at *2 (E.D.N.Y. Nov. 4, 2021) ("The First Precinct is a non-suable entity because it is an administrative arm, which does not have a legal identity separate and apart from the municipality.") (internal quotation marks and citation omitted).[1] Therefore, Plaintiff's claims against the 3rd Precinct are dismissed.

B. <u>Plaintiff Fails to Plead Municipal Liability</u>

Plaintiff also fails to state a claim against the municipality, Suffolk County. Municipal liability under Section 1983 is limited by *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). To impose liability on a municipality, a plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. *See*, e.g., *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 137 (2d Cir. 1999). Plaintiff does not allege any

---

[1] The Court notes that the Suffolk County Police Department, as a whole, also is not a suable entity. *See Hall v. City of White Plains*, 185 F.Supp.2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *Rivera v. Cnty. of Suffolk*, 19-CV-610 (AYS) (2022 WL 1810717) (noting that Suffolk County Police Department is not a suable entity) (citing *Hall*).

unconstitutional policy or custom attributable to Suffolk County that would confer municipal liability.  *See Langhorne v. Cnty of Suffolk*, No. 23-CV-0249 (RPK) (SIL), 2023 WL 3322333, at *2 (E.D.N.Y. May 9, 2023) (plaintiff's claims cannot confer municipal liability on Suffolk County).  Therefore, Plaintiff's claims against Suffolk County are dismissed.

    C.  Personal Involvement

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Here, although Plaintiff names 20 Suffolk County Police Department officers in the caption of his complaint, he only alleges facts as to the personal involvement of one of them: Defendant Jackson.  Plaintiff otherwise fails to allege any facts regarding the personal involvement of the other 19 named officer-defendants.  *See, e.g., Quintin v. Cnty. of Nassau*, No. 18-CV-5852 (JS) (ARL), 2022 WL 888950, at *3 (E.D.N.Y. Mar. 25, 2022) (dismissing claim against officer where there was no indication that the officer had any personal involvement in the purported constitutional deprivation).  Accordingly, Plaintiff's claims against Police Officers Michael Levy, Anthony Russo, Brian Lipford, Bryan Lawrence, Christopher Grenia, Franklin Abramowitz, Glen Baillarbeon, Gregory Gannon, Lynn Volpe, Michael Simpson, Nicholas Echeverria, Robert Tenaglia, Erin Lepore, Sergeants Adam Bickerton, James Curley, Kevin Krause, Detectives Sean Walsh and Steven Gargan and Captain William Ginley are dismissed.

**LEAVE TO AMEND**

5

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting Plaintiff's claims. Should plaintiff elect to file an amended complaint, he must allege facts that support the elements of a Section 1983 claim and identify the defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must identify the defendants in both the caption and the body of the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. An amended complaint does not simply add to the prior complaint. Once an amended complaint is filed, it completely replaces the complaint that was filed before it. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 2:23-CV-4606 (PKC) (LGD). The Court reiterates that this action will proceed against Defendant Police Officer Todd Jackson even if Plaintiff does not file an amended complaint.

## CONCLUSION

Accordingly, Plaintiff's claims are dismissed against defendants Suffolk County, Suffolk County 3rd Police Precinct, and Police Officers Michael Levy, Anthony Russo, Brian Lipford, Bryan Lawrence, Christopher Grenia, Franklin Abramowitz, Glen Baillarbeon, Gregory Gannon, Lynn Volpe, Michael Simpson, Nicholas Echeverria, Robert Tenaglia, Erin Lepore, Sergeants Adam Bickerton, James Curley, Kevin Krause, Detectives Sean Walsh and Steven Gargan and Captain William Ginley, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)(iii) and 1915A.

Plaintiff's claims against Defendant Police Officer Todd Jackson shall proceed. The Clerk of Court shall issue a summons as to this defendant and the United States Marshals Service is directed to serve the summons, complaint and this Order upon Defendant Jackson without prepayment of fees.

The Clerk of Court is directed to mail a copy of this Order and a prisoner civil rights complaint form to Plaintiff and note service on the docket. The Clerk of Court shall also mail a copy of this Order to the Suffolk County Attorney.

For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse in Brooklyn by calling 718-613-2665 or the Pro Se Office at the United States Courthouse in Central Islip by calling 631-712-6060.

The matter is referred to Magistrate Judge Lee G. Dunst for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: July 25, 2023
    Brooklyn, New York